IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANGELA D. MAXWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:22-CV-601-KFP |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Angela Maxwell filed a Complaint seeking review of the Social Security Administration's decision denying her application for disability, disability insurance benefits, and supplemental security income. Doc. 1. The Court construes Plaintiff's supporting brief (Doc. 18) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 21) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 10, 11.

After scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

**I.     PROCEDURAL HISTORY**

This case is before the Court following a remand instructing the ALJ to provide good cause for her decision to afford a medical opinion little weight. *See* R. 904–13. Upon remand, another administrative hearing was held. *See* R. 719–52, 963. When Plaintiff was 44 years old, the ALJ again found that Plaintiff was not disabled. *See* R. 704, 706. The Appeals Council declined review, making the Commissioner's final decision ripe for judicial review. *See* 42 U.S.C. § 405(g); R. 680.

**II.    THE ALJ'S DECISION**

Plaintiff alleged disability due to bipolar disorder. R. 70. On remand, the ALJ determined Plaintiff has the following severe impairments: bone disease, degenerative disc disease, migraines, asthma, chronic obstructive pulmonary disease, insomnia, bipolar, anxiety, borderline personality disorder, obesity, and alcohol disorder. R. 693. However, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. *Id.* She then found that Plaintiff has the residual functional capacity to perform simple jobs, make simple work-related decisions, and occasionally interact with co-workers and supervisors. *Id.* The RFC limits Plaintiff to no interaction with the public and predicts that Plaintiff will be off task a maximum of 10% of the day. *Id.*

Considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were other jobs in the national economy that Plaintiff could perform, such as a hand packager, bagger, or assembler. R. 704–05. The ALJ ultimately concluded that Plaintiff

had not been under a disability from January 15, 2015, through the date of the ALJ's second decision, January 10, 2022. R. 705–06.

### III. STANDARD OF REVIEW

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV. DISCUSSION

Because Plaintiff applied for benefits before March 27, 2017, the ALJ was bound by the prior regulations set out in 20 C.F.R. § 404.1527. Under those regulations, an ALJ weighing a medical opinion must consider the examining relationship, treatment relationship, supportability of the opinion, consistency of the opinion, and specialization of the medical source. 20 C.F.R. § 404.1527(c); *Davis v. Comm'r of Soc. Sec.*, 449 F. App'x 828, 832 (11th Cir. 2011). The applicable regulations contemplate three types of medical opinion sources: (1) treating physicians, (2) nontreating, examining physicians; and (3)

nontreating, nonexamining physicians. *See Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014).

> A treating physician is an acceptable medical source who provides (or has provided) a claimant with medical treatment and has (or has had) an ongoing treatment relationship with the claimant. 20 C.F.R. § 416.927(a)(2). A nontreating, examining physician is an acceptable medical source whose relationship with a claimant is based solely on the claimant's need to obtain a report in support of his disability claim. *Id.* A nontreating, nonexamining physician is an acceptable medical source who has not examined a claimant, but has reviewed the claimant's medical record and has an understanding of the applicable disability regulations. 20 C.F.R. § 416.927(c).

*Id.* The medical sources' opinions are valued according to a hierarchy: "opinions from treating physicians are given more weight than those of nonexamining physicians; and the opinions of examining physicians are given more weight than those of nonexamining physicians." *Id.* (citing *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 740 (11th Cir. 2011)). For any medical source, the ALJ must state with particularity the weight afforded to the opinion. *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). Here, Plaintiff alleges that the ALJ failed to give proper weight to Drs. Rizwan Khan's and Donna Fleitas's opinions. *See* Doc. 18 at 5–18.

**A.     Dr. Khan**

Where the medical source is a treating physician, the ALJ must give "substantial or considerable weight" to the opinion unless the ALJ has good cause to reject it and clearly articulates the reasons for affording the opinion less weight. *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)), *superseded by* 20 C.F.R. § 404.1520c; *Winschel*, F.3d at 1179 (holding that an ALJ may disregard a treating physician's opinion as long as she clearly articulates her bases and

4

provides good cause) (citation omitted). "Good cause exists when: (1) the evidence did not bolster the treating physician's opinion; (2) the evidence supported a contrary finding; or (3) a treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Horton v. Soc. Sec. Admin., Comm'r*, No. 4:21-CV-1651-HNJ, 2023 WL 2763509, at *11 (N.D. Ala. Mar. 31, 2023) (citing *Phillips*, 357 F.3d at 1240–41).

In May 2017, Dr. Khan, Plaintiff's treating psychiatrist at The Bradley Center Psychiatry, executed a "Psych Form" wherein he evaluated Plaintiff's psychiatric and psychological impairments. R. 505–08. Dr. Khan opined that Plaintiff has the following impairments:

- Extreme limitations in her abilities to interact with the general public and coworkers; understand, remember, and carry out repetitive tasks; maintain attention and concentration; perform activities within a schedule; and respond to customary work pressures;
- Marked limitations in her abilities to perform daily activities; understand, remember, and carry out complex instructions; sustain a routine without supervision; respond appropriately to supervision; and respond appropriately to changes in the work setting;
- Moderate limitations in her constriction of interests, ability to ask simple questions, and ability to make simple, work-related decisions; and
- Mild limitations in her personal habits; her ability to understand, remember, and carry out simple instructions; and her awareness of normal hazards.

R. 506–08. The ALJ assigned these findings little weight, explaining that the severity of Dr. Khan's opinions are inconsistent "with the longitudinal objective evidence, as well as with Dr. Khan's own treatment history with the claimant." R. 703.

In support of her assertion that Dr. Khan's opinions conflict with the longitudinal evidence, the ALJ pointed to other objective examinations performed in 2020 and 2021.

*See* R. 703. The ALJ emphasized several medical examinations from Piedmont Physicians: a record dated July 7, 2020, showing that Plaintiff was fully alert with a normal mood, affect, and behavior; another record dated January 13, 2021, stating that Plaintiff was inattentive but otherwise fully oriented and alert with a normal mood, affect, behavior, and thought content; and a third record dated April 13, 2021, explaining that Plaintiff displayed full alertness and orientation to person, place, and time as well as a normal mood, affect, behavior, and thought content. R. 703; *see also* R. 1099, 1104–05, 1107, 1111, 1131, 1135. The ALJ also cited to Baptist Health Neurosurgery Clinic's records showing Plaintiff was cooperative, alert, and oriented with an appropriate mood, affect, appearance, and behavior. R. 703; *see also* R. 1347, 1368, 1378. Based on these records, the ALJ concluded that the examination results from other physicians are "inconsistent with Dr. Khan's assertion that the claimant has marked or extreme limitations in her mental functioning." R. 703.

The ALJ also explained that Dr. Khan's conclusions conflicted with his own objective medical examinations documenting Plaintiff's full alertness and orientation, "fair-to-good insight and judgment, organized and goal-directed thought processes, intact affect, calm and cooperative behavior, no sign of abnormal or delusional ideation, and generally no signs of acute psychological distress." *Id.* The ALJ referenced Dr. Khan's mental status exams, the vast majority of which revealed a calm and cooperative attitude; and normal appearance and affect; an okay or euthymic mood; organized and goal-directed thought processes; lack of suicidal ideations; full orientation; fair insight; and good judgment. *See id.*; *see also* R. 515, 521, 530, 538, 662, 670, 677.

The ALJ then explained which objective findings undermined those contained in the Psych Form:

> Such evidence documenting grossly normal cognitive activity and normal thought processes is inconsistent with Dr. Khan's opinion that the claimant experienced marked or extreme limitation in her ability to understand/remember/carry out instructions. Such findings documenting calm and cooperative behavior, good speech and langue skills, and intact eye contact is inconsistent with Dr. Khan's opinion that the claimant experienced marked to extreme limitations in her ability to interact with others, or adhere to a normal work schedule. Furthermore, Dr. Khan's own examinations of the claimant, which documented the claimant with fair to good insight and judgment, along with organized and goal-oriented thought processes, are inconsistent with the notion that the claimant has a marked or extreme limitation in her ability to respond appropriately to customary work pressure and work routine.

R. 703.

Because Dr. Khan was Plaintiff's treating physician, the opinions contained in the Psych Form would normally be entitled to great weight. *See Phillips*, 357 F.3d at 1240–41 (citing *Lewis*, 125 F.3d at 1440); *Winschel*, 631 F.3d at 1179. But the ALJ awarded these opinions little weight instead. In doing so, she clearly articulated good cause: much of the evidence does not bolster Dr. Khan's findings, the longitudinal evidence supports contrary findings, and Dr. Khan's conclusions were inconsistent with his own medical records. *See Horton*, 2023 WL 2763509, at *11. The ALJ then linked the specific medical findings to Dr. Khan's contrary conclusions. *See* R. 703. And as demonstrated above, the ALJ supported her decision by citing to record evidence. Therefore, the ALJ satisfied her articulation requirements and supported her evaluation with substantial evidence. *See Martin*, 894 F.2d at 1529.

Plaintiff spends a great deal of time arguing that the ALJ's evaluations of Dr. Khan's opinions require remand because there is other some evidence in the record supporting a disability finding. For example, Plaintiff highlights her self-reported anxiety, low energy, and sleep issues; she also points to a documented suicide attempt. *See id.* at 11–12. At this stage, the Court cannot reweigh the evidence. *See Winschel*, 631 F.3d at 1178; *Bloodsworth*, 703 F.2d at 1239. Regardless, not every piece of evidence in the record needs to support a disability finding for a court to affirm a contrary determination. *See Jacks v. Comm'r, Soc. Sec. Admin*, 688 F. App'x 814, 819–20 (11th Cir. 2017) (explaining that even if some evidence supports a disability determination, if substantial evidence supports the decision, then the court must affirm). Rather, the standard of review only requires that substantial evidence support the ALJ's determination—that is, "more than a scintilla." *See Martin*, 894 F.2d at 1529. Here, the ALJ satisfied that standard by providing extensive citations to records undermining the opinion evidence.

Plaintiff also claims that the ALJ erroneously based her inconsistency determination on findings from non-psychiatric sources.[1] *See* Doc. 18 at 14. She supports her argument by citing to *Mulholland v. Astrue*, which held that the ALJ erred by rejecting an examining psychologist's opinion based solely on one physical health provider's contrary observation. No. 1:06-CV-2913-AJB, 2008 WL 687326 (N.D. Ga. Mar. 11, 2008). But *Mulholland* is distinguishable. There, "the *only* potential contradictory evidence . . . are brief notations that Plaintiff's 'Psych' was normal and she had good energy with normal psychological

---

[1] Notably, Plaintiff, too, relies on these records in support of a disability finding. *See* Doc. 18 at 12–13.

functioning" collected at physical examinations. *Id.* at *12 (emphasis added). But here, there is not only extensive evidence from providers undermining Dr. Khan's conclusions, but there is also evidence from a mental health provider contradicting the findings—Dr. Khan.

Lastly, Plaintiff contests the ALJ's finding that the Psych Form from May 2017 conflicts with the longitudinal evidence from 2017 and 2018. R. 703. She argues, "if the ALJ was uncertain as to whether Dr. Khan's opinion [from May 2017] was still applicable, the ALJ had a duty to recontact Dr. Khan to seek additional information." Doc. 18 at 14. First, nothing in the ALJ's opinion shows she was concerned that the Psych Form was outdated. The ALJ's statement instead reflects that the evidence from one encounter conflicts with those collected over the course of a year. Second, the statute Plaintiff cites states that an ALJ will recontact a physician *if* "the evidence we receive . . . is inadequate for us to determine whether you are disabled." *See* 20 C.F.R. 404.1512(e). The ALJ had ample evidence from which to determine Plaintiff's disability status. She relied on medical evidence, opinion evidence, hearing testimony, and Plaintiff's activities of daily living to do so. *See* R. 690–706. The Court cannot disturb this finding. *See Winschel*, 631 F.3d at 1178; *Bloodsworth*, 703 F.2d at 1239.

**B.     Dr. Fleitas**

Dr. Fleitas performed a consultative psychological evaluation of Plaintiff on October 24, 2016. R. 498. He opined that Plaintiff had a fair ability to understand and remember simple instructions; a poor ability to sustain attention and concentration, keep pace with peers and co-workers, and meet expectations; and an impaired ability to interact appropriately with peers, the public, coworkers, and supervisors. R. 504. Ultimately, if Plaintiff were awarded funds, Dr. Fleitas recommended a supervisor oversee her funds given her substance-abuse issues. *Id.* Dr. Fleitas also acknowledged that his conclusions were "based on information derived from formal and informal evaluation, observational data, developmental data, and information provided by [Plaintiff]." *Id.* He warned, "Because of the relatively brief time involved in a psychological evaluation, the results are not intended to provide an ongoing description or to be an absolute predictor of her future behaviors or potentials." *Id.*

The ALJ awarded Dr. Fleitas's opinions little weight based on the brevity of Dr. Fleitas and Plaintiff's interaction, the fact that the opinions stemmed from mostly Plaintiff's own allegations, and based on Dr. Fleitas's disclaimer that his opinion did not account for Plaintiff's ongoing or future capabilities. R. 702. Additionally, the ALJ stressed that Dr. Fleitas "did not offer any indication of what level of activity that claimant *could* sustain, despite her mental impairments." *Id.* (emphasis in original). The ALJ next cited to longitudinal evidence contradicting Dr. Fleitas's finding that Plaintiff could not sustain concentration in a competitive work enforcement or even manage her own finances. *See id.* For example, the ALJ cites evidence that Plaintiff generally presented with a calm and

10

cooperative attitude, normal affect and behavior, okay or normal mood, organized and goal-directed thoughts, good judgment, and fair insight. *Id.* (citing R. 521, 530, 538, 662, 670, 677, 1104, 1111, 1135, 1154, 1347).

As a nontreating, examining physician, Dr. Fleitas's opinion was entitled to less weight than that of a treating physician. *See Himes*, 585 F. App'x at 762 (citations omitted). In fact, because Dr. Fleitas's opinion was based on a single consultative examination, the ALJ was not required to award the opinion any particular weight. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Upon consideration, the ALJ determined Dr. Fleitas's opinions were inconsistent with the record evidence which she cited in support. *See id.* Although the ALJ did not belabor the consistency of each and every piece of evidence, she provided sufficient explanation for the Court to perform a meaningful review. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1325 (11th Cir. 2021) (holding that as long as the decision is not a broad rejection such that the court cannot conclude whether the ALJ considered the claimant's condition as a whole, the ALJ's explanation is sufficient); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Finally, Plaintiff raises the familiar argument that the mere existence of some evidence supporting Dr. Fleitas's conclusions mandates remand. As explained above, the presence of this evidence does not empower the Court to strip the ALJ of her findings. *See Jacks*, 688 F. App'x at 819–20. The ALJ's citations to evidence undermining Dr. Fleitas's findings constitutes substantial evidence, so the Court must affirm. *See Jacks*, 688 F. App'x at 819–20.

## V.     CONCLUSION

For the reasons stated above, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 18) is DENIED.

2. The Commissioner's Motion for Summary Judgment (Doc. 21) is GRANTED.

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 25th day of July, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE